IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NAUTILUS INSURANCE COMPANY,

    Plaintiff,

v.

                                  Civil Action No.

PRECISION SAND PRODUCTS, LLC,
TERRY WILLIAMS, and ZANDRA
WILLIAMS,

    Defendants.

PLAINTIFF NAUTILUS INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Nautilus Insurance Company (**"Nautilus"**) files this complaint for a declaratory judgment that it does not owe insurance coverage to Defendant Precision Sand Products, LLC (**"Precision"**) for the claims asserted and damages sought in the case styled <u>Terry Williams and Zandra Williams v. Precision Sand Products, LLC, et al.</u>, Civil Action No. CV-2016-900328.00 in the Circuit Court of Baldwin County, Alabama (**"the Baldwin County action"**), and that Nautilus has no duty to defend or indemnify Precision for such claims and damages.  In support thereof, Nautilus alleges as follows:

PARTIES AND JURISDICTION

1.      Plaintiff Nautilus is a corporation that is incorporated in Arizona, and which has its principal place of business in Scottsdale, Arizona.  Nautilus is therefore a citizen of Arizona.

2.      Defendant Precision is a limited-liability company whose members are Alabama Capital, LLC and Layco 10, LLC.  The member of Alabama Capital, LLC is Small Business Management Corp.  Small Business Management Corp. is a corporation incorporated in Alabama

and having its principal place of business in Mobile, Alabama.  Therefore, Alabama Capital, LLC is a citizen of Alabama.  The members of Layco 10, LLC are Alabama Capital, LLC, Twin Rivers Investments, LLC, and Natureway Technology, LLC.  The members of Twin Rivers Investments, LLC are Brooks C. DeLaney, Leigh Ann S. DeLaney, and David C. DeLaney as custodian for others.  Brooks C. DeLaney, Leigh Ann S. Delaney, and David C. DeLaney are all citizens of Alabama.  Therefore, Twin Rivers Investments, LLC is a citizen of Alabama.  The sole member of Natureway Technology, LLC is Laurence P. Sutley.  Sutley is a citizen of Alabama.  Therefore, Natureway Technology, LLC is a citizen of Alabama.  Since all members of Layco 10, LLC (*i.e.*, Alabama Capital, LLC, Twin Rivers Investments, LLC, and Natureway Technology, LLC) are citizens of Alabama, Layco 10, LLC is a citizen of Alabama. And since both members of Precision (*i.e.*, Alabama Capital, LLC and Layco 10, LLC) are citizens of Alabama, Precision is a citizen of Alabama.

3. Defendant Terry Williams is a citizen of Alabama.

4. Defendant Zandra Williams is a citizen of Alabama.

5. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6. The Court has jurisdiction under 28 U.S.C. § 1332, based upon the diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeding $75,000.

THE WILLIAMS' COMPLAINT AGAINST PRECISION

7. Terry Williams' complaint in the Baldwin County action (attached as Exhibit 1) alleges that Williams was employed by Thompson Carriers, Inc. (**"TCI"**) as a truck driver and that his "main activity for TCI was hauling sand" (Ex. 1 at ¶ 5).

8. The complaint alleges that Precision "was in the business of selling construction aggregate including sand" (Ex. 1 at ¶ 7); that on November 11, 2015, Terry Williams was

"driving a 'sand tanker' and was lawfully on the premises of" Precision in Foley, Alabama (id. at ¶ 6); and that Williams "was to pick up a load of sand from [Precision's] premises…and deliver the sand to a third party" (id. at ¶ 8).

9. The complaint claims that while on Precision's premises, Terry Williams was "under the control and supervision of" Precision (Ex. 1 at ¶ 9); that Precision required Williams to "assist with the process of loading sand into the sand tanker he was hauling that day" (id. at ¶ 10); that it was Precision's "usual custom and practice that each truck driver hauling a sand tanker was required to open and/or close his/her own tanker hatches before and/or after sand was loaded through said hatch and into the sand tanker(s)" (id. at ¶ 13); that the "work space provided by [Precision] to the truck drivers who were required to assist in the process of loading sand was unreasonably dangerous and hazardous" (id. at ¶ 16); that Precision "owed a duty to…Williams to provide a reasonably safe workplace" (id. at ¶ 17); and that Precision negligently or wantonly breached this duty (id. at ¶ 18 & 19).

10. The complaint alleges that as a proximate result of Precision's breach, Terry Williams "suffered personal injury and other damages," as follows:

> Plaintiff Terry Williams was caused to suffer such violent personal injury that he has been caused to undergo two (2) different surgeries in and about an effort to repair broken bones and torn ligaments; he has had metal hardware implanted into his body which will remain in his body for the rest of his life; he has suffered broken bones, torn ligaments and tendons, and loss of blood; he has incurred medical expenses and will incur more in the future; he has suffered a loss of wages and will suffer more in the future; he has suffered pain, mental anguish, distress, anxiety, fear and depression and he will suffer more in the future; plaintiff Terry Williams has suffered an injury to his ability to walk and live without pain and restriction and to earn a living and enjoy life as he once did; his injuries are permanent.

(Ex. 1 at ¶ 20).

11. Terry Williams' complaint seeks compensatory damages, punitive damages, and costs (Ex. 1 at p. 3).

12. Terry Williams filed an amended complaint (attached as Exhibit 2) adding his wife, Zandra Williams, as a plaintiff. Mrs. Williams alleges loss of consortium as a result of the injuries to Mr. Williams, and seeks compensatory damages and costs (Ex. 2 at ¶ 5).

PRECISION'S DEMAND FOR DEFENSE AND INDEMNITY

13. Nautilus issued a policy of commercial general liability insurance (policy no. NN578612, hereafter **"the Policy"**) to Precision for the policy period June 10, 2015 through June 10, 2016, with an "Each Occurrence Limit" of $1 million.

14. Precision demanded that Nautilus defend and indemnify Precision against Terry Williams' and Zandra Williams' claims and damages.

15. Nautilus is currently defending Precision under reservation of rights.

16. There is an actual, existing, justiciable controversy as to whether Nautilus owes coverage for Terry Williams' and Zandra Williams' claims and damages and whether Nautilus has a duty to defend or indemnify Precision for these claims and damages.

NAUTILUS DOES NOT OWE COVERAGE FOR THE WILLIAMS' CLAIMS

17. The Policy provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'…to which this insurance applies"; that Nautilus "will have the right and duty to defend the insured against any 'suit' seeking those damages"; and that Nautilus "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury'…to which this insurance does not apply."

18. The Policy further states that "[t]his insurance does not apply to" certain "bodily injury" and other matters set forth in the policy exclusions. The Policy also contains endorsements stating that the insurance does not apply to certain "bodily injury" and other matters set forth in the endorsements.

19. The Policy includes an endorsement titled "EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS," which states as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion e. **Employer's Liability** of **2. Exclusions of Section I – Coverage A – Bodily injury and Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e.** **Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)** "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

**(2)** Any insured's contractors', subcontractors' or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**(3)** The spouse, child parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph (1) or (2) above.

This exclusion applies:

**(1)** Regardless of where the:

    **(a)**  Services are performed; or

    **(b)**  "Bodily injury" occurs; and

  **(2)**  Whether any insured may be liable as an employer or in any other capacity; and

  **(3)**  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

20. At the time of Terry Williams' accident, Williams' employer, TCI, was Precision's contractor, subcontractor, or independent contractor, and Williams was therefore an employee of Precision's contractor, subcontractor, or independent contractor. Williams' injury arose out of and in the course of his and TCI's directly or indirectly performing duties related to the conduct of Precision's business, that is, hauling and delivering sand. Therefore, the exclusion set forth above bars coverage for Terry Williams' and Zandra Williams' claims and damages, and Nautilus has no duty to defend or indemnify Precision against these claims and damages.

21. The Policy also includes an endorsement titled "EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES," which states that "[t]his insurance does not apply to punitive or exemplary damages." This exclusion bars coverage for punitive damages, and Nautilus therefore has no duty to indemnify Precision against any punitive damages that might be awarded against Precision.

PRAYER FOR RELIEF

Based on the above, Plaintiff Nautilus prays that the Court will declare that Nautilus does not owe coverage for Terry Williams' or Zandra Williams' claims or for their alleged damages; that Nautilus has no duty to defend Precision against Terry Williams' or Zandra Williams' claims; and that Nautilus has no duty to indemnify Precision against any compensatory damages, punitive damages, or costs that might be awarded to Terry Williams or Zandra Williams against

Precision in the Baldwin County action.  Nautilus also prays for such other, further, and different relief as may be warranted, the premises considered.

*s/ Bo Williams* _____
A. GRADY "BO"  WILLIAMS IV
Attorney for Plaintiff Nautilus Insurance Co.

OF COUNSEL:

PHELPS DUNBAR, LLP
P.O. Box 2727
Mobile, AL  36652
(251) 432-4481
bo.williams.@phelps.com
william.shreve@phelps.com


DEFENDANTS ARE TO BE SERVED BY PRIVATE PROCESS SERVER AS FOLLOWS:

Precision Sand Products, LLC
c/o its Registered Agent, Brooks C. De Laney
9392 Hard Drive
Foley, AL 36535

Terry Williams
29395 Loper Road
Loxley, AL  36551

Zandra Williams
29395 Loper Road
Loxley, AL  36551

7