# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, )<br>　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>PRECISION SAND PRODUCTS, LLC, )<br>TERRY WILLIAMS, and　　　　　)<br>ZANDRA WILLIAMS,　　　　　　　)<br>　　Defendants. )  | CIVIL ACTION NO. 1:17-00304-CG-N |

## REPORT AND RECOMMENDATION

This action is before the Court on the "Motion for Order Requiring Plaintiff to Provide More Information, or, in the Alternative, Motion to Dismiss" (Doc. 13) filed by Defendants Terry Williams and Zandra Williams (hereinafter, the "Movants"). The Court has referred the motion (Doc. 13) to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/9/2017 electronic references). Plaintiff Nautilus Insurance Company ("Nautilus") timely filed a response (Doc. 18) in opposition to the motion. The Movants have not filed any reply to the response, the deadline to do so has passed, and the motion is now under submission. (*See* Doc. 16).

Nautilus brought this action seeking a judgment declaring its rights and obligations under a policy of insurance issued to Defendant Precision Sand Products, LLC. (*See* Doc. 1).[1] The Movants' motion is premised solely on their contention that Nautilus should have attached copies of the subject insurance policy and

---

[1] The complaint alleges sufficient facts demonstrating that the Court has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C § 1332(a). No party has challenged those allegations, and the undersigned finds no reason to question them *sua sponte*.

"alleged letter(s) reserving rights" to the complaint. The Movants assert that Nautilus's failure to do so prejudices their ability to prepare a full and complete responsive pleading and to assert affirmative defenses. The motion cites no authority in support.

The undersigned agrees with Nautilus that the present motion is without merit. While Federal Rule of Civil Procedure 10(c) permits copies of written instruments to be included as exhibits to pleadings, "[t]he provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based." 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1327 (3d ed.). Neither Rule 8(a), which states the general pleading requirements for a complaint, nor Rule 9, which sets forth more specific requirements for pleading special matters, mandates that a complaint based on a policy of insurance must include the insurance policy and/or any reservation-of-rights letters as exhibits. Indeed, "[n]othing in the Federal Rules of Civil Procedure requires a Plaintiff to attach any document to the complaint." *U.S. ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) (alteration added) (quotation omitted). *See also, e.g., Favergray Co. v. Selective Ins. Co. of Am.*, No. 3:14-CV-1383-J-39JRK, 2015 WL 12843198, at *3 (M.D. Fla. July 20, 2015), *report and recommendation adopted*, 2015 WL 12843231 (M.D. Fla. Sept. 1, 2015) (similar).

In *Burgess v. Religious Technology Center, Inc.*, 600 F. App'x 657 (11th Cir. 2015) (per curiam) (unpublished), the panel affirmed the district court's dismissal of a breach of contract claim where "the plaintiffs failed to attach a copy of the contract to the complaint, **and** failed to identify the specific contractual provisions that the

defendants breached." 600 F. App'x at 664 (emphasis added). The panel noted:

> In their complaint, the plaintiffs made vague references to a breach, but they never identified the contract provision that formed the basis of their claims. As the plaintiffs later conceded, there were multiple contracts at issue…Thus, the plaintiffs' list of alleged misrepresentations, not tied to any specific contract or contractual provision, was insufficient to set forth a breach-of-contract claim.

*Id.*

In contrast, Nautilus's complaint specifically identifies the insurance policy that is the subject of this declaratory judgment action (*see* Doc. 1 at 4, ¶ 13) and quotes the specific policy provisions on which its claims for relief are based (*see id.* at 4-5, ¶¶ 17-19, 21). The Movants raise no specific challenge to the sufficiency of the allegations in the complaint, such as under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. If they "lack knowledge or information sufficient to form a belief about the truth of an allegation" in the complaint as a result of not being provided the policy or the reservation-of-rights letter, Rule 8(b)(5) permits them to so state in their responsive pleading, which is treated as a denial.

While the Movants complain that they "cannot articulate a full and complete list of affirmative defenses" without first examining the policy and reservation-of-rights letter, the general rule is that a defendant bears the burden of pleading and proving any affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1). The Movants have not cited any authority, and the undersigned is unaware of any, that requires a plaintiff to allege facts demonstrating a defendant's entitlement to an

affirmative defense on the face of a complaint. Indeed, a plaintiff risks an early dismissal for doing so. *See Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) ("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint."). As Nautilus correctly points out, the Movants can obtain both the policy and the reservation-of-rights letter through the normal course of discovery. To the extent examination of these documents brings additional affirmative defenses to light, the Movants can seek to amend their answer under Federal Rule of Civil Procedure 15(a) to assert them.

Accordingly, the undersigned **RECOMMENDS** that the "Motion for Order Requiring Plaintiff to Provide More Information, or, in the Alternative, Motion to Dismiss" (Doc. 13) filed by Defendants Terry Williams and Zandra Williams be **DENIED**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings

or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of September 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**